**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SAM RAYBURN MUNICIPAL POWER AGENCY** | § § § | |
| *Plaintiff* | § § | |
| **VS.** | § § | **CIVIL ACTION NO. _____** |
| **RALPH J. GILLIS, GILLIS, BORCHARDT & BARTHEL LLP, OBAIN ASSOCIATES LIMITED AND THE JASPER/VPPA SETTLEMENT TRUST** | § § § § § | |
| *Defendants* | § § | |

**NOTICE OF REMOVAL FILED ON BEHALF OF
DEFENDANTS, RALPH J. GILLIS, GILLIS, BORCHARDT & BARTHEL LLP,
AND OBAIN ASSOCIATES LIMITED**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Ralph J. Gillis, Gillis, Borchardt & Barthel LLP, and Obain Associates Limited, defendants herein, and file this Notice of Removal under 28 U.S.C. 1446(a).

## A.  Introduction

1.     Plaintiff is Sam Rayburn Municipal Power Agency ("SRMPA").  Defendants are Ralph J. Gillis, Gillis, Borchardt & Barthel LLP, Obain Associates Limited, and The Jasper/VPPA Settlement Trust.

2.     On October 22, 2014, plaintiff brought suit against defendants Ralph J. Gillis, Gillis, Borchardt & Barthel LLP, Obain Associates Limited, and The Jasper/VPPA Settlement Trust in Cause No. CV1408743 in the 253rd District Court of Liberty County, Texas.  On January 28, 2015, plaintiff filed its First Amended Petition in said court.

3.      Defendants Ralph J. Gillis, Gillis, Borchardt & Barthel LLP, and Obain Associates

Limited were served with suit on November 6, 2014.  Defendants are filing this Notice of

Removal promptly after the Plaintiff's identical case was dismissed by this court.  As long as that

case was pending in federal court there was no reason to remove the state court case.

### B.  Basis for Removal

4.      Removal is proper because this Court has federal question jurisdiction over this matter by

virtue of Article I, Section 10, Cl. 3 of the United States Constitution (the "Compact Clause").

That provision of the Constitution provides that no state shall enter into an agreement with

another state without the consent of Congress (an Interstate Compact).   Agreements that are

covered by the Compact Clause that do not have the consent of Congress are unenforceable.

*Illinois ex rel. Edgar v. City of Chicago*, 942 F. Supp. 366, 1996 U.S. Dist. LEXIS 14569 (N.D.

Ill. 1996).  Thus revenues from such unapproved arrangements cannot be recovered as damages.

5.      The plaintiff, Sam Rayburn Municipal Power Agency "SRMPA", is a political

subdivision of the State of Texas.   Vinton Public Power Authority ("VPPA") is a political

subdivision of the State of Louisiana and the City of Jasper is a political subdivision of the State

of Texas.  This lawsuit involves certain agreements alleged to provide for SRMPA participation

in the VPPA Industrial Partner ("IP") Louisiana retail electric rate revenues of a series of

agreements known collectively as the "Cambridge Project".   The 2011 Cambridge Project is one

of two commercial transaction sets conducted in parallel, the other being the 2001 Nisco Deal in

which SRMPA declined to participate by vote of its Board on December 22, 1998.  The Nisco

Deal involves only Jasper, VPPA, Obain and the Jasper/VPPA Settlement Trust (J/V Trust).

SRMPA has limited participation in the Cambridge Project by invitation of VPPA which it is

seeking to expand through unfounded damage claims against Obain.

6.      In its first amended petition in this case in state court SRMPA alleges that

Gillis knew that the Entergy affiliated companies anticipated that they would change their membership, from the delivery system in which they had participated for years, to the Midcontinent Independent System Operator, Inc. ("MISO"), and knew that such a change would reduce the operating margins that Gillis had represented to the Plaintiff [SRMPA] it would experience under the Supplemental Requirements Power Supply Agreement between EW and SRMPA (the "S-RPSA".  Even so Gillis explicitly advised the Plaintiff that the delivery system changes to MISO would not affect the Plaintiff's interests.  The Entergy entities have now changed their membership to MISO, and that change has significantly reduced the operations margins that Gillis represented to the Plaintiff it would experience under the S-RPSA.  Paragraph 29. Plaintiff's First Amended Petition.

7.      SRMPA goes on to allege in Paragraph 30 that it has been damaged in the amount of at least $5 Million as a result of the Defendants' braches of duty.

8.      The only claim that SRMPA can have for Cambridge Project revenues lost as a result of Entergy switching its membership to MISO without an Interstate Compact is an interstate wholesale commercial contract right as authorized by the Texas Utilities Code, Sec. 163.102(a). Under the Cambridge Project agreements the value of that commercial contract right is limited to the Net Present Value of SRMPA's waiver of Entergy Wholesale Operations Marketing, Inc.'s ("EWOM") accumulated headroom obligation calculated by SRMPA's consulting engineer, which is the only Cambridge Project wholesale contract with SRMPA which warrants the Settlement Agent's distribution to SRMPA under the Settlement Agent Agreement because the S-RPSA produces no profit for SRMPA.  That waiver reduces EWOM's Requirements Power Supply Agreement (RPSA) headroom service obligation to SRMPA only for the Texas cities-- not VPPA--under the Texas portion of the RPSA as split with VPPA in 2002.  That waiver is an interstate wholesale transaction within SRMPA's authority under the Texas Utilities Code, Sec. 163.102(a), but Texas Utilities Code, Sec. 163.102(b) provides that SRMPA does not have the

authority to receive any retail rate revenues, including a payment for that waiver by the Settlement Agent as a prior specific dollar amount out of VPPA IP retail rate revenues.

9.      The payment of the waiver value to SRMPA is by the Settlement Agent through distribution of VPPA's Louisiana IP retail rate revenues as received and held under the Settlement Agent Contract.  Thus the only money the Settlement Agent ever has is received (1) directly from the Coordinator under the Coordination Agreement, (2) from the ETI power sale in repayment of the Coordinator's purchase of the Nisco power sold by SRMPA (without payment) to ETI, and (3) by claw back of previously distributed Cambridge Project net revenues to SRMPA--but not from SRMPA Texas municipal wholesale sale revenues.

10.      In other words, the Settlement Agent and the Coordinator only have VPPA IP retail rate revenues, and because of Utilities Code, Sec. 163.102(b), as a joint powers agency SRMPA has no right to share in those revenues once commercial wholesale obligations are paid.  SRMPA has no profit margin on the Supplemental Power Requirements Agreement (S-RPSA) nor on the Agreement for Partial Requirements Wholesale Service (PRA) with Entergy Gulf States Louisiana, L.L.C., for wholesale power delivered to VPPA for the IP retail loads.  And the SRMPA profit from waiver of the EWOM headroom service obligation is not a set amount out of the VPPA IP retail rate revenues but a percentage of VPPA IP retail rate revenues held by the Settlement Agent as available funds after payment of other VPPA obligations including wholesale power supplied to VPPA for the IP retail loads and the Reassignment Fee to the J/V Settlement Trust.  SRMPA's only distribution right is as a wholesale transaction under the Utilities Code, Sec. 163.102(a), defined in the Settlement Agent Agreement and the Operations Protocol as a percentage (90.61%) of those funds available for distribution, but Texas Utilities Code, Sec. 163.102(b) provides that SRMPA does not have the authority to receive any retail

4

rate revenues, including  a payment for that waiver by the Settlement Agent as a prior specific dollar amount out of VPPA IP retail rate revenues.  The cap is the Net Present Value of the EWOM excess headroom as of December 1, 2011.

11.     So for any effect of Entergy joining MISO to be material to SRMPA's interests, SRMPA would have to show either (1) an Interstate Compact giving SRMPA the right to share in VPPA's IP retail rate revenues as net public funds of VPPA prior to distribution by the Settlement Agent, or (2) an Interstate Compact granting SRMPA the retail sale and distribution authority withheld under the Texas Utilities Code, Sec. 163.102(b), including an agreement by VPPA to share its public monies derived from its IP retail load revenues with SRMPA.  Without one of these provisions SRMPA could have no commercial contract right or right to share in public monies belonging to VPPA, and thus no claim for the diminution in such rights as a result of Entergy joining MISO.

12.     Specifically, since SRMPA (a) has now recovered the value of the excess S-RPSA headroom from VPPA that it gave up to EWOM,  (b) there is no mark-up on SRMPA's pass-through wholesale sale of power to VPPA, and (c) VPPA IP retail rate revenues pay for all wholesale power purchased from EWOM and Entergy Gulf States Louisiana, Inc. (EGSL) for service to VPPA's IP retail loads as assigned from EGSL in Louisiana, there is no longer any commercial transaction basis for Cambridge Project payments to SRMPA from VPPA's IP Louisiana retail electric rate revenues to SRMPA absent an Interstate Compact providing authority for interstate retail sales as specifically withheld from SRMPA under the Texas Utilities Code, Sec. 163.102(b).  Without a commercial or constitutional basis for participation in the VPPA IP Louisiana retail electric rate revenues there is no basis for damage claims based on

diminution of  those revenues or the distribution thereof under the settlement arrangement's for the J/V Trust with Jasper, VPPA and Obain.

13.     SRMPA seeks the portion of the Reassignment Fee paid out of the VPPA IP retail rate revenues to the J/V Settlement Trust whereby VPPA and Jasper, direct their Trustee to assign their power sale agreement to SRMPA for application by SRMPA in the Cambridge Project. The J/V Trust pays its revenues to Obain, to Jasper and to VPPA in lieu of litigation among them pertaining to previous Nisco Deal agreements occurring after December 22, 1998, which do not involve SRMPA.  This Reassignment Fee paid to the J/V Settlement Trust, and the distributions by the J/V Trust to Jasper, VPPA and Obain, come from the  revenues generated by VPPA IP retail sales in Louisiana under the previous Nisco Deal.  Outside and apart from the J/V Trust, available Cambridge Project VPPA IP Louisiana retail revenues are accounted as 9.39% retained by VPPA, and 90.61% distributable to SRMPA in consideration of SRMPA's relinquishment to EWOM of a portion of the SRMPA accrued headroom under the S-RPSA, net of the Reassignment Fee for the J/V Trust as the capped and retained Nisco Deal benefit from the then excess VPPA Louisiana IP retail rate revenues.  The 9.39% is VPPA's participation benefit from the Cambridge Project.  The distribution from the J/V Trust to Jasper, to VPPA and to Obain is the retained capped benefit from the original Nisco Deal not the Cambridge Project.  However, since there is no Interstate Compact there is no enforceable Cambridge Project commercial transaction that would entitle SRMPA to receive damages based on these VPPA IP retail rate revenues whether under the Nisco Deal or otherwise under the Cambridge Project.

14.     Thus, as a matter of federal law, the Compact Clause , SRMPA is not entitled to recover any of the actual damages that it seeks in its First  Amended Petition because it has already recovered the value of the excess headroom that it gave up to EWOM and SRMPA is not

commercially or constitutionally entitled to any further excess VPPA IP Louisiana retail electric rate revenues from the Cambridge Project unless and until it receives the required Congressional approval granting SRMPA the retail rate authority that is specifically withheld from joint power agencies in interstate power transactions under the Texas Utilities Code, Sec. 163.102(b).

15.     All defendants who have been served with summons consent to the removal of this case to federal court.  *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3rd Cir. 1995); *see* 28 U.S.C. § 1446(a).

16.     All pleadings, process, orders, and filings in the state court action as required by 28 U.S.C. § 1446(a) is attached hereto as Exhibit "1".  The information required by Local Rule CV-81 is attached hereto as follows:

| | |
|---|---|
| Certified copy of State Court Docket Sheet | Exhibit 2 |
| List of Parties and Current Status of Removed Case | Exhibit 3 |
| List of Counsel | Exhibit 4 |
| List of Parties Having Requested Trial by Jury | Exhibit 5 |
| Names and Address of Court from Which Case is Being Removed | Exhibit 6 |

17.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the district and division embrace the place where the removed action has been pending.

18.     Defendants Ralph J. Gillis, Gillis, Borchardt & Barthel LLP, and Obain Associates Limited will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

19.     Defendants point out that there is a virtually identical case that has been pending in this Court since April of 2014 and that this case should be assigned to the same judge and magistrate as were handling Civil Action Number 1:14-cv-00202-RC, styled *Sam Rayburn Municipal*

*Power Agency v. Ralph J. Gillis, Gillis, Borchardt & Barthel LLP, and Obain Associates Limited.*

## C.  Jury Demand

20.     Plaintiff has not demanded a jury in the state court action.

## D.  Conclusion

21.     Defendants Ralph J. Gillis, Gillis, Borchardt & Barthel LLP, and Obain Associates Limited file this Notice of Removal and ask this Court for any general relief to which they are entitled.

Respectfully submitted,

**ORGAIN BELL & TUCKER, LLP**

/s/ *Michael J. Truncale*
Michael J. Truncale
State Bar No. 20258125
mjt@obt.com
J. Hoke Peacock II
State Bar No. 15678000
jhp@obt.com
470 Orleans Street
Beaumont, TX  77701
Telephone:  (409) 838-6412
Facsimile:  (409) 838-6959

**ATTORNEYS FOR DEFENDANTS,
RALPH J. GILLIS, GILLIS, BORCHARDT
& BARTHEL, LLP, AND OBAIN
ASSOCIATES, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing motion has been forwarded to all counsel of record on this the 4th day of February, 2015 as listed.

*VIA E-FILE*

Kenneth R. Wynne
kwynne@wynne-law.com
WYNNE &WYNNE LLP

1021 Main St., Suite 1275
One City Centre
Houston, TX 77002

**Of Counsel:**

David E. Wynne
dwynne@wynne-law.com
WYNNE &WYNNE LLP
1021 Main St., Suite 1275
One City Centre
Houston, TX 77002

**- and –**

E. R. Norwood
enorwood@ednorwoodlaw.com
THE NORWOOD LAW FIRM
340 Main Street
Liberty, TX 77575

Terry Fitzgerald
terry.fitzgerald@roystonlaw.com
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
1600 Smith Street, Suite 5000
Houston, TX 77002

                                        /s/ *Michael J. Truncale*
                                        Michael J. Truncale