IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SAM RAYBURN MUNICIPAL POWER AGENCY, | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CASE NO. 1:15-cv-00057 |
| RALPH J. GILLIS, GILLIS, BORCHARDT & BARTHEL LLP, OBAIN ASSOCIATES LIMITED AND THE JASPER/VPPA SETTLEMENT TRUST | § § § § § § § | |
| *Defendants* | § | |

**<u>DEFENDANTS, RALPH J. GILLIS, GILLIS BORCHARDT & BARTHEL LLP, AND OBAIN ASSOCIATES LIMITED'S RESPONSE TO PLAINTIFF SAM RAYBURN MUNICIPAL POWER AGENCY'S MOTION TO REMAND</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, Ralph J. Gillis, Gillis Borchardt & Barthel LLP, and Obain Associates Limited (the "Gillis Defendants"), and file their response to Plaintiff, Sam Rayburn Municipal Power Agency's Motion to Remand this case to the 253rd Judicial District Court in Liberty County, Texas and would show the court that the case should not be remanded for the following reasons.

1.  *Quod vanum et inutile est, lex non requirit*. Black's Law Dictionary, (Fourth Edition, 1968, p. 1421). (The law does not require one to do a useless act). There was no need for the Gillis Defendants to remove the Liberty county case to this court so long as Plaintiff's case in civil no. 1:14-cv-202 ("SRMPA's prior federal case") was still pending in this court. When that case was dismissed by final Judgment on January 30, 2015, the Gillis Defendants promptly prepared and filed

their Notice of Removal of the Liberty County, Texas case to this court. On page eight of Judge Hawthorn's report, which is Document [61] in SRMPA's prior federal court case, dated December 9, 2014, he notes that SRMPA argues that the Trust is an indispensable party "because it has a contractual right to receive the funds at issue and therefore has a stake in the dispute." On page twelve of his report Judge Hawthorn observes that the Gillis Defendants can "attempt to remove that case (meaning the Liberty County, Texas case) to this court." SRMPA does not deny that the causes of action and damages alleged in both its prior federal court case and its case in Liberty County, Texas are identical.

2. By the time it became clear that this court was not going to grant the Gillis Defendants' Motion to Vacate the Scheduling Order provision that permitted SRMPA to join The Jasper/VPPA Settlement Trust and destroy diversity jurisdiction, and by the time Judge Hawthorn entered his report recommending that the court deny the Gillis Defendants Motion to Vacate that portion of the Scheduling Order on December 9, 2014, more than thirty days had lapsed since the Liberty County, Texas case was filed on October 22, 2014.

3. The Gillis Defendants do not contend that any of the causes of action plead by SRMPA are creatures of federal law or that they are other than state law claims. However, SRMPA does clearly allege in its Petition that the actual damages that it seeks to recover in the Liberty County, Texas case are based on the revenues from an agreement between SRMPA and VPPA to wit the Supplemental Requirements Power Sales Agreement (a true copy of which is attached hereto as Exhibit A) (herein referred to as the "S-RPSA")   In paragraph 29, page 17 of SRMPA's First Amended Petition in the Liberty County, Texas case, page 135 of 164 of Document [1-1] herein, it is alleged that "Gillis also knew that the Entergy affiliated companies anticipated that they would change their membership, from the delivery system in which they had participated for years, to

Midcontinent Independent System Operator, Inc. ("MISO"), and knew that such a change would reduce the operating margins that Gillis had represented to the Plaintiff it would experience under the S-RPSA. Even so, Gillis explicitly advised the Plaintiff that the delivery system change to MISO would not affect the Plaintiff's interests. The Entergy entities have now changed their membership to MISO and <u>that change has significantly reduced the operating margins that Gillis represented to Plaintiff it would experience under the S-RPSA</u>." (Emphasis added). In paragraph 30 of its First Amended Petition in the Liberty County, Texas case, page 136 of 164 in Document [1-1] herein, SRMPA alleges that "The Lawyer Defendants' failure to properly and accurately advise the Plaintiff regarding the probable costs the Plaintiff would incur from entering into the S-RPSA has caused the Plaintiff to realize far less benefit from the S-RPSA than the Plaintiff should have realized if the Plaintiff had been properly advised by the Lawyer Defendants. ... In short, as a result of the Lawyer Defendants' breaches of their duties as the Plaintiff's attorneys, Plaintiff has been damaged in the amount of, at least $5 million."

4. In Paragraph 33 of the its First Amended Petition in the Liberty County, Texas case, page 137 of 164 in Document [1-1] herein, SRMPA alleges the elements of its cause of action for breach of fiduciary duty. In particular, in said paragraph 33, SRMPA alleges that "More particularly, if VPPA succeeds in terminating or modifying the S-RPSA as the Lawyer Defendants have advised it to try to accomplish, the Plaintiff will at least be inhibited in realizing the revenues it is currently receiving, if not deprived of those revenues altogether, with the effect that any profitability from that contract will be impaired or even destroyed.… That inducement, without the required disclosure to the Plaintiff, has caused and is causing the Plaintiff to suffer damages of at least $5 million from the materialization of the risks the Lawyer Defendants failed to advise the Plaintiff were inherent in the S-RPSA."

5.  As is clear from the copy of the S-RPSA attached as <u>Exhibit A</u>, it is clearly a contract between Sam Rayburn Municipal Power Agency, which is acknowledged therein to be a political subdivision of the State of Texas, and the Vinton Public Power Authority, which is acknowledged therein to be a political subdivision of the State of Louisiana. Congressional approval by Interstate Compact is required to support damage claims based on revenues from the S-RPSA, all is more particularly set forth in the Gillis Defendants' Notice of Removal, Document [1] herein. SRMPA devotes four pages of its sixteen page Motion to Remand to its argument that Article I, Section 10, Cl. 3 of the United States Constitution (the "Compact Clause") does not apply to agreements between political subdivisions of two different states. *See Sec. C, pages 6-10* of SRMPA's Motion to Remand, Document [5]. Based on the allegations in its First Amended Petition in the Liberty County, Texas case, Defendants cannot be heard to argue that they do not seek actual damages based on loss of revenues under the S-RPSA. Thus the federal question appears on the face of their petition because the agreement that they alleged provides them with the revenue they allege they are being deprived of is a contract between political subdivisions of different states. As one would expect, all of the authorities cited by SRMPA in its Motion to Remand to establish lack of a federal question are in fact Untied States Supreme Court and other federal court cases.

6.  Whether the S-RPSA is an agreement between political subdivisions of two different states that is unenforceable without congressional approval is inherently a matter of federal law. *Illinois ex rel. Edgar v. City of Chicago*, 942 F. Supp. 366, 1996 U.S. Dist. LEXIS 14569 (N.D. Ill. 1996). For that reason SRMPA's reliance on the revenues it would receive under the S-RPSA as the basis for its main damage claim raises a federal question on the face its petition.

7.  While it is true that SRMPA has not sought to enforce the S-RPSA against VPPA or any

other party, it is very clear from its petition that it seeks actual damages for loss of revenues that it expected to receive under the S-RPSA.  If that agreement is unenforceable as a matter of federal law then SRMPA cannot recover the $5 million in actual damages that it claims in its First Amended Petition.  Having alleged that it is entitled to such damages it is asserting that the S-RPSA is enforceable, which is a matter exclusively governed by federal law.  This is so because the S-RPSA is on its face an agreement between political subdivisions of two different states and the applicability or not of the Compact Clause is a matter of federal law that gives this court subject matter jurisdiction.

8.   If SRMPA wishes to amend its pleadings to seek only forfeiture of fees that it paid to Gillis and his firm, and to dismiss with prejudice any claims based on loss of revenues that it expected to receive under the S-RPSA or any of the other Cambridge Project agreements between SRMPA and VPPA then the Gillis Defendants agree that the case should be remanded to state court.

9.   As to the Compact Clause, the question is not whether a political subdivision can create a state.  The question is whether states can enter into agreements that would violate the Compact Clause by having their respective political subdivisions do so.  Clearly such an easy way around a provision of the U.S. Constitution is not permitted.

10.   Whether an agreement violates the Compact Clause is clearly a federal question, even if the answer to the question is no.  Neither the courts of Texas nor Louisiana can decide that question; it must be decided in a federal court as is more particularly shown by the citations in SRMPA's Motion to Remand and *West Virginia ex rel. Dyer v. Sims*, 341 U.S. 22 (1951).  See also argument and authorities cited in paragraphs 3 through 6 the Gillis Defendants Objection to the Magistrate's Report and Recommendation in the prior federal case, a true and correct copy of which is attached

as Exhibit B.

11. SRMPA's assertion that the Gillis Defendants have waved the right to remove the case from state court because the Gillis Defendants have sought "additional affirmative relief from the State Court is not well taken." In *Bolivar Sand Co. v. Allied Equip., Inc.,* 631 F. Supp. 171, 173 (W.D. Tenn. 1986) the court said

> The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the Defendant's intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the Defendant may not attempt to invoke the right to remove after losing on the motion.
>
> It should be noted that mere filing in the state court of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver. There must be further action on the part of the Defendant resulting in a decision on the merits of the defense to waive the right to remove.

In *Beighley v. FDIC,* 868 F. 2d 776 (5th Cir. 1989) the court said "a waiver of the right of removal must be clear and unequivocal. In general the right of removal is not lost by action in the state court *short of proceeding to a disposition on the merits"* Id. at 782. (Emphasis added).

Simply filing an answer praying that the Plaintiff recover nothing, for court costs and other relief or filing a Motion to Transfer Venue does not constitute such a dispositive proceeding.

12. As demonstrated in this response the Gillis Defendants had an objectively reasonable basis for seeking removal and Plaintiff's request for attorney fees and costs and expenses should be denied.

**WHEREFORE, PREMISES CONSIDERED**, the Gillis Defendants' request that the Court deny the Plaintiff's Motion to Remand on the grounds that this Court now has subject matter jurisdiction of this case under 28 U.S.C. Section 1331 and also deny the Plaintiff's request for attorney fees and cost.

        Respectfully submitted,

        **ORGAIN BELL & TUCKER, LLP**

        /s/ *Michael J. Truncale*
        Michael J. Truncale
        State Bar No. 20258125
        mjt@obt.com
        J. Hoke Peacock II
        State Bar No. 15678000
        jhp@obt.com
        470 Orleans
        Beaumont, TX  77701
        Telephone:  (409) 838-6412
        Facsimile:  (409) 838-6959

        **ATTORNEYS FOR DEFENDANTS,**
        **RALPH J. GILLIS AND GILLIS, BORCHARDT**
        **& BARTHEL LLP, AND OBAIN ASSOCIATES**
        **LIMITED**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record on this the 20th day of February, 2015 as listed.

*VIA E-FILE*

Kenneth R. Wynne
kwynne@wynne-law.com
WYNNE &WYNNE LLP
1021 Main St., Suite 1275
One City Centre
Houston, TX 77002

**Of Counsel:**

David E. Wynne
dwynne@wynne-law.com
WYNNE &WYNNE LLP
1021 Main St., Suite 1275
One City Centre
Houston, TX 77002

**- and –**

Hubert Oxford, III
hubertoxford@benoxford.com
BENCKENSTEIN &OXFORD L.L.P.
3535 Calder, Suite 300
Beaumont, TX 77706

E. R. Norwood
enorwood@ednorwoodlaw.com
THE NORWOOD LAW FIRM
340 Main Street
Liberty, TX  77575

Terry Fitzgerald
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana, Suite 500
Pennzoil Place
Houston TX 77002

/s/ *Michael J. Truncale*
Michael J. Truncale